Slip Op. 16-66

UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| IKEA SUPPLY AG, |
| Plaintiff, |
| v. |
| UNITED STATES, |
| Defendant, |
| and |
| ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, |
| Defendant-Intervenor. |

Before: Richard W. Goldberg, Senior Judge
Court No. 15-00152

**OPINION AND ORDER**

[Plaintiff's motion for judgment on the agency record is denied.]

Dated: July 5, 2016

*Kristen S. Smith*, *Mark R. Ludwikowski*, *Arthur K. Purcell*, and *Michelle L. Mejia*, Sandler Travis & Rosenberg P.A., of Washington, DC, for plaintiff.

*Douglas G. Edelschick*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Reginald T. Blades, Jr.*, Assistance Director. Of counsel on the brief was *David P. Lyons*, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

*Alan H. Price*, *Robert E. DeFrancesco, III*, and *Derick G. Holt*, Wiley Rein LLP, of Washington, DC, for defendant-intervenor.

GOLDBERG, Senior Judge:

This case concerns cabinet/drawer handles that plaintiff IKEA Supply AG ("IKEA")

imports to the United States. On April 27, 2015, the U.S. Department of Commerce

("Commerce") issued a decision interpreting the scopes of an antidumping and a countervailing duty order (the "Orders," which state their scopes in essentially identical terms) to include IKEA's handles. Final Scope Ruling, PD 32 (Apr. 27, 2015) (interpreting *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't Commerce May 26, 2011) ("*AD Order*"); *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't Commerce May 26, 2011) ("*CVD Order*")).[1] The orders apply to certain "aluminum extrusions" from the People's Republic of China. *AD Order*, 76 Fed. Reg. 30,650.

IKEA has moved for judgment on the agency record, arguing that Commerce should have found IKEA's handles to be excluded from the Orders' scope. In *IKEA Supply AG v. United States* (*IKEA I*), Slip Op. 16-65, __ WL __ (CIT July 5, 2016), the court held that the scope of the Orders extended to another product that IKEA imports: towel racks. The towel racks consisted of a single aluminum extrusion packaged with either a plastic gasket or steel brackets. *Id.* at 4. The court held that the Orders' "finished merchandise" exclusion did not exempt IKEA's towel racks because the racks were not imported assembled with other parts. *Id.* at 6–7. Nor did the towel racks enjoy the "finished goods kit" exclusion, because the racks consisted of just one extrusion plus fasteners. *Id.* at 9.

In this case, IKEA's handles are not meaningfully distinguishable from the towel racks in *IKEA I*. Like the towel racks, the handles "consist of one . . . aluminum extrusion" and "come in packages that include" fasteners, namely, "a steel screw and a nut to hold the handle in place." Final Scope Ruling 2. And IKEA does not raise any novel arguments in this case that would

---

[1] Because the Orders' scopes are essentially identical, the court cites only to the antidumping duty order when rehearsing the scopes' inclusions and exclusions, and, starting now, refers to the Orders' scopes, inclusions, exclusions, and so on, in the singular.

cause the court to depart from the holding of *IKEA I*.  For the same reasons articulated in *IKEA I*, IKEA's handles are not subject to the "finished merchandise" exclusion because they are not imported assembled with other parts.  They are not "finished goods kits" because they are comprised of a single extrusion packaged with fasteners.

For the foregoing reasons, it is hereby

**ORDERED** that Commerce's Final Scope Ruling is affirmed.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated: July 5, 2016
New York, New York